**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | Case No. 1:12-cv-01884-LJO-SMS |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THE GRANT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |
| v. | |
| MARIA MAGDALENA SANTOYO and JOSE RAYMUNDO ROBLEDO, individually and doing business as SPORTS BISTRO, | (Doc. 11) |
| Defendants. | |

Plaintiff Joe Hand Promotions, Inc., moves for Entry of Default Judgment against Defendants Maria Magdalena Santoyo and Jose Raymundo Robledo, individually and doing business as Sports Bistro. This Court has reviewed Plaintiff's motion and supporting documents and has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 78-230(h). Having reviewed all written materials submitted and applicable law, the Court recommends that Plaintiff's motion be granted but that damages be set at an amount lower than the amount that Plaintiff requests.

**I.     Legal and Factual Background**

On November 16, 2012, Plaintiff filed its complaint against Defendants, alleging violations of 47 U.S.C. § 605, *et seq.*, and 47 U.S.C. § 553, *et seq.*, as well as claims under California state law. The allegations are based on Defendants' alleged unlawful interception, receiving, and exhibiting of "Ultimate Fighting Championship 139: Mauricio Rua v. Dan Henderson," (the "program"), which

1

was telecast on November 19, 2011. Plaintiff was the exclusive commercial distributor of the program.

Sports Bistro, a restaurant with no bar, has a seating capacity of approximately 75 persons. On the evening of the broadcast, 22 people were present. The restaurant was divided into two rooms. The main dining room, where visitors first enter, had a 27-inch television and a 40-inch television which were broadcasting the fight. The two televisions in the party room were not broadcasting the fight.

The first cause of action for violation of 47 U.S.C. § 605 (Unauthorized Publication or Use of Communications) alleges that Defendants knowingly intercepted, received, and exhibited the program for purposes of direct or indirect commercial advantage or private financial gain. Section 605 provides that a plaintiff may recover its actual damages or statutory damages not less than $1,000.00 nor more than $10,000.00, and if the violation was willful and for purposes of direct or indirect commercial advantage or private financial gain, the damages may be enhanced by an amount not more than $100,000.00 for each violation. 47 U.S.C. § 605 (e)(3)(C).

The second cause of action for violation of 47 U.S.C. § 553 (Unauthorized Reception of Cable Services) is based upon the same allegations. It provides that the plaintiff may recover its actual damages and any profits resulting from the defendant's violation, or statutory damages "in a sum not less than $250 or more than $10,000 as the court considers just." 47 U.S.C. § 553 (c)(3)(A)(i). If the violation was committed willfully and for purposes of commercial advantage or personal financial gain, the court may increase damages by an amount of no more than $50,000.00. 47 U.S.C. § 553 (c)(3)(B).

The third cause of action for conversion alleges that Defendants tortiously obtained possession of the program and wrongfully converted it for his own benefit. Plaintiff alleges that these acts were willful and intentionally designed to harm Plaintiff and subject it to economic distress. The fourth count alleges a violation of Cal. Bus. & Prof. Code § 17200, *et seq.*, for which Plaintiff seeks restitution, declaratory and injunctive relief, as well as costs and attorneys' fees.

In its motion, Plaintiff requests relief on only two of the four causes of action. Plaintiff requests $110,000, representing the $10,000 maximum for statutory damages under 47 U.S.C. §

2

605(e)(3)(C)(i)(II) and the $100,000 maximum enhancement for a willful violation under (C)(ii).

Plaintiff also requests $1,100.00, the licensing fee for the program for establishments the size of

Sports Bistro, as damages for conversion.

## II.   **Default Judgment**

Entry of default judgment is governed by Federal Rule of Civil Procedure 55(b), which

states, in pertinent part:

> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

"[U]pon default, the well pleaded allegations of the complaint relating to liability are taken as

true." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir.

1983). *See also TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). Thus, "[a]t

the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted."

10 J. Moore, *Moore's Federal Practice* § 55.11 (3d ed. 2000).

Pursuant to the proofs of service filed with the court on January 30, 2013, Defendants were

served on January 6, 2013. On January 31, 2013, the Clerk entered default against Defendants.

Defendants Robledo and Santoyo are not infants or incompetent persons, nor are they in military

service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. Defendants

have not appeared at any point in this action. Accordingly, this Court recommends granting

Plaintiff's motion for default judgment.

## III.   **Damages**

Because the Court must accept the well pleaded allegations of the complaint as true, Plaintiff

is entitled to judgment based on Defendants' violation of 47 U.S.C. § 605 and 47 U.S.C. § 553 as

well as the common law tort of conversion. The Court's principal task is to determine just damages.

### A.   Conversion

Under California law, the elements of conversion are (1) ownership or right to possession of the property; (2) wrongful disposition of that property right; and (3) monetary damages. *Krueger v. Bank of America*, 145 Cal.App.3d 204, 215 (1983). Because the license fee for an establishment the size of Sports Bistro would have been $1,100.00, Plaintiff is entitled to $1,100.00 in compensatory damages for the tort of conversion.

### B.   Communications Act Violation

Based on the pleadings, Defendants are liable for violating 47 U.S.C. §§ 605 and 553, both of which prohibit the unauthorized interception and reception of cable television programming. Plaintiff only requests relief for the violation of § 605. Statutory damages under § 605 range from $1,000 to no more than $10,000. 47 U.S.C. § 605 (e)(3)(C). The Court determines the statutory damages award according to what it "considers just." *Kingvision Pay-Per-View, Ltd. v. Backman*, 102 F.Supp.2d 1196, 1198 (N.D. Cal. 2000).

The Court also has the discretion to increase the damages award by up to $100,000 if the violation was willful and committed for purposes of direct or indirect commercial advantage or gain. 47 U.S.C. § 605 (e)(3)(C)(ii). "[T]he mere assertion that the defendant acted willfully is insufficient to justify enhanced damages." *Backman*, 102 F.Supp.2d at 1198. To establish "significant commercial advantage or private financial gain," a plaintiff must allege something more than the mere airing of a program, such as engaging in promotional advertising, imposing a cover charge, or charging a premium for food or drinks. *Id.* The size of the audience, the establishment, or both is also relevant to the measure of enhanced damages, as is whether the customers are present primarily to watch the broadcast or have come for another purpose while the program is being aired. *Id.* Awards should be proportional to the violation. *Id.* Higher statutory awards are indicated for repeat offenders. *Id.* at 1198-99.

Plaintiff contends that he is entitled to enhanced damages even though he alleges nothing more than that Defendants aired the program. Although Sports Bistro can seat approximately 75 people, only 22 were present on the night of the program, which is to say that, while Defendants were displaying the program, the restaurant was not even one-third-full. Defendants did not impose a

4

1  cover charge. Plaintiff does not contend that food or drink prices were increased. Defendant

2  advertised the program, but only in a minor way, on a small Coca-Cola chalkboard that said that the

3  fight would be shown that night. Plaintiff does not allege that any patrons were present primarily to

4  watch the program rather than to patronize the restaurant.

5      As the Court observed in *Joe Hand Promotions, Inc. v. Streshly*: "[Defendant] may be the

6  Blackbeard of pirates, but Plaintiff makes no attempt to portray it as such, and to the contrary, the act

7  of piracy attributed to [Defendant] is as routine as they come . . . . ." 655 F.Supp.2d 1136, 1139 (S.D.

8  Cal. 2009). The court refused to enter default judgment, finding that the plaintiff overreached by

9  seeking damages of $100,875. *Id.* Here, Plaintiff seeks $111,100.

10     Awarding the statutory maximum is inappropriate "in the absence of unusual or particularly

11  egregious circumstances under which a defendant broadcast the fight." *Don King*

12  *Productions/Kingvision v. Maldonado*, 1998 WL 879683 (N.D. Cal. December 11, 1998)(No. C-97-

13  3530 WHO MED), *citing Joe Hand Promotions v. Burg's Lounge*, 955 F.Supp. 42, 44 (E.D. Pa.

14  1997). Nothing in the record suggests that Defendants experienced any significant "commercial

15  advantage or private financial gain" as a result of airing the program. There was no cover charge.

16  Defendants promoted the showing only minimally, and did not charge premium prices for food and

17  drinks during the program. The highest head count of the evening was 22 persons, showing the

18  program produced minimal financial gain, if any. In light of these facts, imposing the maximum

19  statutory damages and enhancement would be inappropriate.

20     This Court recommends that the district court award only basic statutory damages for

21  Defendant's violation of 47 U.S.C. § 605. Statutory damages awarded to first-time offenders in

22  establishments of similar size have varied widely.[1] Plaintiff's memorandum of points and authorities

23

---

[1] Higher damage awards are appropriate when a defendant has previously pirated broadcasts. *See Joe Hand Promotions, Inc. v. Dang*, 2011 WL 6294289 at *2 (N.D. Cal. December 14, 2011)(No. 5:11-cv-0508 EJD) (awarding $7,000.00 in statutory damages plus $1,000.00 enhanced damages since the defendant was a repeat offender); *Joe Hand Promotions, Inc. v. Sorondo*, 2011 WL 4048786 (E.D. Cal. September 9, 2011) (No. 1:11-cv-00631-LJO-SKO); *G & G Closed Circuit Events, LLC v. Saldeldin*, 2010 WL 3036455 (E.D. Cal. August 2, 2010) (No. 1:10-cv-00062-AWI-SKI) (recommending $10,000 statutory damages, $30,000 enhancement, and $800 for conversion), and *Kingvision Pay-Per-View v. Guzman*, 2009 WL 1475722 (N.D. Cal. May 27, 2009) (No. C 09-00217 CRB) (awarding $6,000 plus $2,000 enhancement ($8,000 total)) for second offense by a San Francisco bar of unspecified size.

presents multiple cases in which courts have awarded enhanced damages. In other cases, courts found that no factors justified an award of enhanced damages and awarded statutory damages in amounts far less than the maximum permitted under the statute. *See, e.g., J & J Sports Productions, Inc. v. Curtis*, 2012 WL 1108829 at *7 (E.D. Cal. April 2, 2012) (No. 2:10-cv-1053-JAM) (awarding statutory damages of $10,000.00); *J & J Sports Productions, Inc. v. Figueroa*, 2012 WL 996531 at *4 (E.D. Cal. March 23, 2012) (No. 1:11-cv-00678-AWI-JLT) (adopting recommendation of $4,000.00 statutory damages); *J & J Sports Productions, Inc. v. Morales*, 2012 WL 761670 at *3 (E.D. Cal. March 8, 2012) (No. 1:10-cv-01694-AWI-GSA) (awarding statutory damages of $4,400.00); *Joe Hand Productions, Inc. v. Phillips*, 2012 WL 688799 at *2 (N.D. Cal. March 2, 2012) (No. C 11-3837 SI) (noting that mere allegation of willfulness does not merit enhanced damages and awarding $5,000.00); *Joe Hand Productions, Inc. v. Mannor*, 2012 WL 113792 at * 7 (E.D. Cal. January 13, 2012) (No. 2:11-cv-01426 WBS) (awarding $10,000.00 and noting no evidence of justifying enhanced damages); *Joe Hand Promotions, Inc. v. Nguyen*, 2011 WL 4551454 at *2-3 (N.D. Cal. September 30, 2011) (No. 5:10-cv-05856 EJD) (finding no basis for enhanced damages and awarding statutory damages of $5,000.00); *Joe Hand Promotions, Inc. v. Juarez*, 2011 WL 4590918 at *2 (N.D. Cal. September 30, 2011) (No. 5:10-cv-05580 EJD) (awarding minimum statutory damages of $250.00 where only three patrons were present in a restaurant with a capacity of 80 people); *Joe Hand Promotions, Inc. v. Nguyen*, 2011 WL 704441 at *3 (N.D. Cal. February 21, 2011) (No. 10-cv-02563-LHK) (awarding $2,000.00 in statutory damages); *J & J Sports Productions, Inc. v. Ro*, 2010 WL 668065 (N.D. Cal. February 19, 2010) (No. C 09-02860 WHA) (ordering $250 in statutory damages); *J & J Sports Productions, Inc. v. Miranda*, 2009 WL 3837273 (N.D. Cal. November 16, 2009) (No. C 09-1037 SI) (awarding $1,000 statutory damages); *J & J Sports Productions, Inc. v. Hernandez*, 2010 WL 1980186 (E.D. Cal. May 17, 2010), *report and recommendation adopted*, 2010 WL 2650526 (E.D. Cal. July 1, 2010) (No. 2:09-cv-3389 GEB KJN) (entering judgment for $10,000 in statutory damages); *J & J Sports Productions, Inc. v. Man Thi Doan*, 2008 WL 4911223 (N.D. Cal. November 13, 2008) (No. C-08-00324 RMW) (awarding $2,500 statutory damages). *See also J & J Sports Productions, Inc. v. Gamino*, 2012 WL 913743 at *5 (E.D. Cal. March 16, 2012) (No. 1:11-cv-1056-AWI-BAM) (recommending statutory damages of

$1,000.00); *Joe Hand Promotions, Inc. v. Williams*, 2011 WL 6012483 at *3 (E.D. Cal. December 1, 2011) (No. 1:11-cv-00498-AWI-SMS) (recommending $2,200 in statutory damages with no enhancement); *Joe Hand Promotions, Inc. v. Olivera*, 2010 WL 2902344 (E.D. Cal. July 22, 2010) (No. CIVS-09-2501 FCD DAD) (recommending $7,500 in statutory damages for unlicensed showing of bout in the plaintiff's two Stockton establishments, each with one television, serving forty and ten customers respectively, despite the plaintiff's request for $110,000, in the absence of cover charge, food or drink premium, promotion of event); *Joe Hand Promotions, Inc. v. Pollard*, 2010 WL 2902343 (E.D. Cal. July 22, 2010) (No. CIVS-09-03155 MCE DAD) (recommending damages of $5,000 for first-time offender who neither advertised nor imposed a cover charge or increased food or drink prices, where 47 patrons were inside his lounge during screening of ultimate fighting bout on four 27-inch televisions, despite the plaintiff's request for $110,000 in statutory damages and enhancement).

In some cases, courts have calculated damages by multiplying a reasonable cover charge by the actual number of patrons. *Backman*, 102 F.Supp.2d 1196 (16 patrons x $15 per seat plus $300 for possible future losses = $540). The amount that the licensing fee would have been had the establishment secured a license to show the program legally is another relevant consideration. *See Kingvision Pay-Per-View, Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999) (affirming district court's determination, in the course of a Rule 59 motion, to reduce damages from $80,400 to $4,000 after judge learned that licensing fee would have been $3,000 to $6,000). *See also J & J Sports Productions, Inc. v. Canedo*, 2009 WL 4572740 (N.D. Cal. December 1, 2009) (No. C 09-01488 PJH) (recommending that the plaintiff's damages be limited to its actual damages: the unpaid license fee).

As previously mentioned, the judge in *Streshly* was sufficiently angered by what he termed "cookie-cutter pleadings that trivialize the particular facts of this case and ignore the voluminous case law that reveals its requested judgment to be so wildly out of the question" that the court dismissed the Plaintiff's motion and directed the Plaintiff to resubmit within one week a motion requesting reasonable damages, compliant with current case law, or have its case dismissed with prejudice. 655 F.Supp.2d at 1138. Although Plaintiff in this case, represented by the same attorney

7

as the Plaintiff in *Streshly*, has requested a manifestly excessive award in light of applicable law and facts, this Court declines to recommend that Plaintiff be provided another opportunity to justify its request for maximum statutory damages and the maximum statutory enhancement. In light of the size of both the establishment and the audience that viewed the program, this Court recommends that statutory damages be set at $1,400.00. Combined with the $1,100.00 conversion award, the total damages of $2,500.00 represents more than twice Plaintiff's actual damages, equals a per capita charge of roughly $114.00, and constitutes a severe fine for a restaurant such as Sports Bistro.

**IV.**    **Recommendation**

The Court **RECOMMENDS** that judgment be entered in this action against Defendants, and that the total amount of damages be fixed at a total amount of $2,500.00, allocated $1,400.00 for violation of 47 U.S.C. § 605 and $1,100.00 for actual damages associated with the tort of conversion.

These Findings and Recommendations are submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631(b)(1)(B) and Rule 305 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court, serving a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  4/5/2013                          /s/ SANDRA M. SNYDER

                                          UNITED STATES MAGISTRATE JUDGE